10-1479-ag
Wang v. Holder

BIA
Laforest, IJ
A099 589 986

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of February, two thousand twelve.

PRESENT:
>       ROGER J. MINER,
>       REENA RAGGI,
>       SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

XUE AN WANG,
>       *Petitioner,*

>           v.                                10-1479-ag
>                                             NAC

ERIC H. HOLDER, JR.,
>       *Respondent.*[*]

_____

FOR PETITIONER:        Xue An Wang, *pro se*, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Gladys M. Steffens Guzmán, Trial Attorney,

---

[*] The clerk of court is directed to amend the official caption as set forth above.

**Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xue An Wang, a native and citizen of the People's Republic of China, seeks review of a March 29, 2010, decision of the BIA affirming the May 28, 2008, decision of immigration judge ("IJ") Brigitte Laforest, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Xue An Wang*, No. A099 589 986 (B.I.A. Mar. 29, 2010), *aff'g* No. A099 589 986 (Immigr. Ct. N.Y. City May 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review both the BIA's and IJ's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008). Substantial evidence supports the agency's decision.

The agency correctly concluded that Wang was not eligible for asylum solely on the basis of his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309–310 (2d Cir. 2007) (*en banc*). Nevertheless, even though Wang was not *per se* eligible for asylum based on his wife's forced sterilization, he could still qualify for relief by demonstrating that: (1) he engaged in "other resistance" to the family planning policy; and (2) he suffered harm rising to the level of persecution or has a well-founded fear of suffering such harm as a direct result of his resistance. *See id.* at 313; *Matter of J-S-*, 24 I. & N. Dec. 520, 523 (A.G. 2008).

The agency assumed that Wang had engaged in resistance to China's family planning policy, and reasonably determined that he did not establish that he suffered harm rising to the level of persecution on account of that resistance, particularly when Wang did not allege that he personally suffered any emotional, physical, or economic harm arising from the unfortunate incidents involving family planning officials. *See Shi Liang Lin*, 494 F.3d at 309 (stating that "an individual whose spouse undergoes . . . a forced abortion or involuntary sterilization may suffer a profound

3

emotional loss," but providing that "an individual does not *automatically* qualify for 'refugee' status on account of a coercive procedure performed on someone else" (emphasis added)); *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (emphasizing "that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks omitted)).  Additionally, the agency did not err in concluding that Wang failed to demonstrate that his fear of future persecution was objectively reasonable because he admitted that he had lived unharmed in China for 13 years after his wife's forced sterilization.  *See* 8 C.F.R. § 1208.13(b)(2); *cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that, because asylum applicant's mother and daughters continued to live in petitioner's native country without harm, claim of well-founded fear of persecution was weakened).  Accordingly, because the agency did not err in finding that Wang failed to demonstrate either past persecution or a well-founded fear of persecution, it  reasonably denied him asylum and withholding of removal as those claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Wang does not challenge in his brief to this Court the agency's denial of CAT relief, and we therefore deem it waived.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk